IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| SERRANOS CAFÉ & CANTINA 620, LTD, | ) ) | CASE NO. 05-34632-H3-7 |
| | ) | |
| Debtor, | ) | |
| | ) | |
| LOWELL T. CAGE, TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ADV. NO. 05-3672 |
| | ) | |
| SERRANOS CAFÉ & CANTINA WELLS BRANCH, LTD., | ) ) | |
| | ) | |
| Defendant. | ) ) | |

MEMORANDUM OPINION

The court has considered the Motion for Summary Judgment (Docket No. 13) filed by Serranos Café & Cantina Wells Branch Ltd.  The following are the Findings of Fact and Conclusions of Law of the court.  A separate conforming Judgment will be entered.  To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such.  To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Serranos Café & Cantina 620 Ltd. ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on March 31, 2005.  Lowell T. Cage ("Trustee") is the Chapter 7

Trustee.

On September 2, 2005, Trustee filed the complaint in the instant adversary proceeding. In the complaint, Trustee seeks turnover, based on Trustee's examination of the accounting records of Debtor, on grounds "the defendant owes a matured and liquidated debt to Debtor and which is the property of the estate under 11 U.S.C. § 542."

In the instant motion, Defendant seeks summary judgment dismissing the above captioned cause of action with prejudice, on grounds turnover proceedings may not be used to liquidate disputed contract claims.

## Conclusions of Law

Section 542(b) of the Bankruptcy Code provides in pertinent part:

> [A]n entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee, except to the extent that such debt may be offset under section 553 of this title against a claim against the debtor.

11 U.S.C. § 542(b).

In this court's unpublished opinion in Innercraft Constr., Inc. v. Turner Constr. Co. (In re Innercraft Constr., Inc.), (Bankr. S.D. Tex., Adv. No. 92-4601, Slip Op., Dec. 28, 1992), this court held:

> Courts construing subsection (b) have concluded that to recover money, a defendant's liability must be undisputed. In re F.R.L. Co., 58 B.R. 632, 633 (Bankr. E.D.Pa. 1985) ("Implicit in the bankruptcy concept of turnover is the idea that the property being sought is

      clearly the property of the debtor, but not in the debtor's possession").

The Bankruptcy Court will not enforce a debtor's claim through turnover orders unless the claim against the defendants is litigated in a court of competent jurisdiction or by agreement. <u>Satelco, Inc. v. North American Publishers, Inc. (In re Satelco, Inc.)</u>, 58 B.R. 781 (Bankr. N.D. Tex. 1986).

Neither this court's opinion in <u>Innercraft</u> nor the opinion in <u>Satelco</u> compels dismissal on the merits of the claims brought in the instant adversary proceeding. The court concludes that judicial economy is best served by abating the instant adversary proceeding, in order to permit the Chapter 7 Trustee to seek liquidation of any claims against Defendant in a court of competent jurisdiction, or by agreement.

Based on the foregoing, a separate conforming Judgment will be entered.

Signed at Houston, Texas on this _____ day of _____, 2006.

                                              LETITIA Z. CLARK
                                              UNITED STATES BANKRUPTCY JUDGE